IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HYDROWORX INTERNATIONAL, INC., | : | ELECTRONICALLY FILED |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| ECHELON FITNESS MULTIMEDIA, LLC, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

Plaintiff Hydroworx International, Inc. ("Plaintiff"), by and through its undersigned counsel, brings this action against Defendant Echelon Fitness Multimedia, LLC ("Defendant") for trademark infringement and unfair competition. Defendant, with disregard for Plaintiff's exclusive rights in its federally registered trademark THRIVE® for hydrotherapy products, promotes, advertises, and offers for sale competing products under the nearly identical mark THRIVEX. Plaintiff tried to resolve this issue without resort to a lawsuit, and Defendant represented to Plaintiff that it has ceased use of the infringing mark, but it has not. Instead, Defendant has and continues to knowingly and repeatedly infringe Plaintiff's federally registered trademark, thereby damaging Plaintiff.

## THE PARTIES

1.     Plaintiff is a Pennsylvania corporation with its principal place of business at 1420 Stoneridge Dr., Middletown, PA 17057.

2.     Defendant is a Tennessee limited liability company with its principal place of business at 605 Chestnut Street, Suite 600, Chattanooga, TN 37450. According to its website, Defendant also sells its products at Johnson Fitness & Wellness Store, located at 4830 Carlisle Pike, Mechanicsburg, PA 17050.

## JURISDICTION AND VENUE

3.     This action involves claims of trademark infringement and unfair competition, arising under the United States Trademark Laws, Chapter 22 of Title 15 of the United States Code and the common law. This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1116, 1117, and 1121(a); and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367 because the claims form part of the same controversy and arise from substantially the same facts and circumstances.

4.     This Court has specific personal jurisdiction over Defendant because Defendant has transacted business in this District and availed itself of this forum's laws with respect to actions taken in and purposefully directed toward the Commonwealth of Pennsylvania and this district specifically. On information and belief, Defendant's business reaches into Pennsylvania and specifically into the

jurisdiction encompassed by this District because Defendant has conducted and conducts business in this District by marketing, promoting, advertising, offering for sale, and distributing goods and services to consumers here, including over the Internet. On information and belief, Defendant also sells its products in this District at Johnson Fitness & Wellness Store located in Mechanicsburg, PA. By those actions, Defendant has infringed Plaintiff's federally registered mark. Upon further information and belief, Defendant has purposefully and voluntarily placed goods into the stream of commerce, including those it purports to offer under the mark at issue in this action, with the intent and expectation that consumers in this District and in the Commonwealth of Pennsylvania will avail themselves of such goods and services.

5.     On information and belief, Defendant's foregoing acts were taken with the specific intent and knowledge or expectation that they would harm Plaintiff in Pennsylvania, where it knows Plaintiff to reside, including at least because Defendant has sought to and intended to capitalize on the goodwill and consumer recognition that have inhered in Plaintiff and in its federally registered mark, goods, and services.

6.     Further, Defendant purposely availed itself of the laws and protections of this District and the Commonwealth of Pennsylvania by responding to a cease-and-desist letter from Plaintiff and selling its products in-store at Johnson Fitness &

Wellness Store located in Mechanicsburg, PA. In said response to the letter, Defendant agreed to cease using the infringing THRIVEX mark. Despite this representation, Defendant has continued to knowingly and repeatedly use the infringing mark on the relevant products. Defendant's actions reach into this District and the Commonwealth of Pennsylvania and directly relate to the present controversy between the parties.

7.    Venue is proper in the District under 28 U.S.C. § 1391(b), because, as described above and below, a substantial part of the events and rights giving rise to this action occurred in and exist in this District, and because Defendant is subject to personal jurisdiction here.

## FACTS

### Plaintiff's History, Business, and Federally Registered THRIVE® Mark

8.    Plaintiff is the world leader in hydrotherapy solutions for athletic and healthcare facilities. Its product line includes plunge pools, large therapy pools, and underwater treadmills.

9.    Plaintiff traces its roots to 1969, with its official launch in 1997. Today, Plaintiff is a renowned business that specializes in the design and manufacturing of aquatic therapy pools for physical rehabilitation and fitness.

10.    In 2020, Plaintiff registered and began using the mark THRIVE® (the "THRIVE® Mark") for hydrotherapy swimming pools, also known as cold plunges.

Details of Plaintiff's registration are below and a copy of the registration certificate from the U.S. Patent and Trademark Office is attached as Exhibit 1.

| USPTO Registration Number | Registered Trademark | Description of Goods and Services | First Use in Commerce |
|---|---|---|---|
| 6591392 | THRIVE | *Nonmetal transportable hydrotherapy swimming pools* | April 28, 2020 |

11.     The following images show how the THRIVE® Mark appears on Plaintiff's website as of April 2025:








12.     Through Plaintiff's exclusive and continued use of the THRIVE® Mark over the last five years, as well as through Plaintiff's expenditures of substantial sums for promotion and advertising, the THRIVE® Mark is recognized as an indicator of source for Plaintiff's top-quality hydrotherapy swimming pools and embody the substantial and valuable goodwill associated with Plaintiff's products.

13.     Plaintiff uses the THRIVE® Mark in promotion of its products on its website, at trade shows and exhibitions, and on social media including Facebook, Instagram, X, and LinkedIn.

### Defendant's Infringing Uses of the THRIVEX Mark

14.     Defendant offers, among other things, hydrotherapy pools (cold plunges) and related products.

15.     Defendant offers for sale several products that it markets under the mark THRIVEX (the "THRIVEX Mark"), including three models of hydrotherapy

pools (cold plunges), compression boots, and a sauna blanket. These products are of the identical kind or are highly related to the types of products for which Plaintiff uses its registered THRIVE® Mark.

16.    For example, as depicted in the following images from its public website, Defendant displays the THRIVEX Mark on its hydrotherapy products:



17.    Likewise, in other recent versions of its website, Defendant displayed a collection of hydrotherapy and related products prominently displaying the THRIVEX Mark, including as depicted in a version of Defendant's website archived by The WayBack Machine[1] on March 4, 2025, depicted immediately below:



18.    With disregard for Plaintiff's prior exclusive rights in the THRIVE® Mark, Defendant promotes, advertises, and offers for sale on its own website, third-party websites, and in physical stores, competing products, particularly hydrotherapy swimming pools or cold plunges and related products under the THRIVEX Mark.

---

[1] The Wayback Machine is a digital archive of the World Wide Web maintained by the nonprofit Internet Archive.

19.    Given that the THRIVE® Mark and THRIVEX Mark are nearly identical, and are used for identical and highly related products, there is a high likelihood that Defendant's use of the mark will create (or has created) confusion as to the source or sponsorship of its products or services, or as to a relationship between it and Plaintiff.

20.    Upon information and belief, Defendant's and Plaintiff's actual and target consumers substantially overlap or are the same, such that consumers of Plaintiff's goods and services are likely to encounter the goods and services Defendant has marketed and sold, and is now marketing and selling, under the THRIVEX Mark, specifically including consumers and users of hydrotherapy products.

21.    Defendant's infringement of Plaintiff's THRIVE® Mark undermines Plaintiff's business and injures Plaintiff irreparably.

**Defendant's Infringement Is Knowing and Willful; Defendant's False Representations that it Ceased Infringement**

22.    In or around February 2025, Plaintiff was made aware of Defendant's infringing use of the THRIVEX Mark on hydrotherapy products being promoted, advertised, and sold by Defendant.

23.    By letter dated February 24, 2025 (the "Cease-and-Desist Letter"), attached hereto as Exhibit 2, Plaintiff, through its legal counsel, demanded Defendant immediately cease and permanently desist from all uses of the THRIVEX

Mark, a mark that is confusingly similar to Plaintiff's THRIVE® Mark. Plaintiff, in the Cease-and-Desist Letter, also demanded a full accounting of all sales for hydrotherapy swimming pools and products generally under the THRIVEX Mark. Defendant initially failed to respond to this letter.

24.    On March 6, 2025, Plaintiff, through its legal counsel, followed up on the February 25, 2025 letter by email, a copy of which is attached hereto as Exhibit 3.

25.    By letter dated March 10, 2025, attached hereto as Exhibit 4, Defendant, through its legal counsel, responded to the February 25, 2025 letter stating that Defendant respects the intellectual property rights of others, and agreeing to cease further uses of the THRIVEX Mark. The letter stated that Defendant's cessation would be completed within sixty days.

26.    By email dated March 28, 2025, attached hereto as Exhibit 5, Plaintiff, through its legal counsel, demanded written confirmation by April 7, 2025 that Defendant had ceased all use of the THRIVEX Mark and disgorge all profits from the infringement.

27.    By email dated April 6, 2025, attached hereto as Exhibit 6, Defendant represented through its legal counsel that Defendant had ceased use of the THRIVEX Mark and that such products were no longer being sold on Defendant's website.

28.    These representations were false when made. On information and belief, Defendant intended for Plaintiff to rely on said representations.

29.    In its April 6, 2025 email, Defendant further agreed to disgorge all its profits from the infringement.

30.    By email dated April 7, 2025, attached hereto as Exhibit 7, Plaintiff, through its legal counsel, responded to Defendant with evidence of Defendant's continued use of the infringing THRIVEX Mark, and noting Defendant's continued failure to provide an accounting of Defendant's profits from the infringement. Plaintiff reiterated its demand that Defendant comply by close of business on April 7, 2025.

31.    Illustrating the falsity of Defendant's representations are the following images that depict the infringing THRIVEX Mark in use on Defendant's website on April 7, 2025:







32.     Further illustrating the falsity of Defendant's representations is the following image, which depicts the infringing THRIVEX Mark in use on Defendant's YouTube channel on April 7, 2025:



33.    The following images depict the infringing THRIVEX Mark on Defendant's cold plunge products as they continued to be offered for sale on other websites on April 7, 2025:





34.     Although Defendant claimed that it would comply with Plaintiff's demands, it has continued its unlawful activity, in willful and reckless disregard of Plaintiff's rights. Defendant's willful infringement is continuing to this day.

35.     On information and belief, Defendant has or will enrich itself significantly and unjustly at Plaintiff's expense.

## COUNT I
### (Federal Trademark Infringement – Lanham Act Section 32)

36.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

37.     Plaintiff is the owner of the federally registered mark THRIVE®, as shown in U.S. Trademark Reg No. 6591392, attached hereto as Exhibit 1.

38.     Defendant uses and has used the THRIVEX Mark in commerce on and in connection with the sale, offering for sale, distribution, and advertising of hydrotherapy products and related goods and services.

39.     Defendant's use of the THRIVEX Mark was and is without Plaintiff's consent.

40.     Defendant's THRIVEX Mark is substantially similar to Plaintiff's federally registered THRIVE® Mark.

41.     Defendant has used the THRIVEX Mark in connection with the sale, offering for sale, distribution, and advertising of goods that are virtually identical and highly related to those for which Plaintiff has registered and uses its federally registered THRIVE® Mark.

42.     Defendant's uses of the THRIVEX Mark are likely to cause confusion, or to cause mistake, or to deceive.

43.     Defendant has further applied such colorable imitations of Plaintiff's federally registered THRIVE® Mark to advertisements used in commerce upon or

in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

44.    Defendant's actions were and have been committed with knowledge that such infringement is intended to be used to cause confusion, or to cause mistake, or to deceive.

45.    In particular, Defendant was put on notice of the infringement and subsequently falsely represented the infringement had ceased, when in fact use of the infringing conduct was continuing and still continues.

46.    Defendant's conduct is in willful and reckless disregard of Plaintiff's rights.

47.    Defendant's conduct violates Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

48.    Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in Plaintiff's THRIVE® Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

49.    Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the industry, trade, and public, and, additionally, injury to Plaintiff and its goodwill and reputation as symbolized by Plaintiff's THRIVE® Mark, including direct

losses, lost profits, diminution in value, lost goodwill, and corrective advertising costs, and other losses in amounts to be determined at trial, as well as irreparable harm as to which Plaintiff has no adequate remedy at law.

50.    Defendant, on information and belief, has wrongfully profited from its unlawful activities.

51.    Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the industry, trade, and public, and, additionally, injury to Plaintiff and its goodwill and reputation as symbolized by Plaintiff's THRIVE® Mark, including direct losses, lost profits, diminution in value, lost goodwill, and corrective advertising costs, and other losses in amounts to be determined at trial, as well as irreparable harm as to which Plaintiff has no adequate remedy at law.

52.    Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an injunction against Defendant's continuing infringement of the THRIVE® Mark. Unless enjoined, Defendant will continue its infringing conduct.

53.    Pursuant to 17 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendant an amount adequate to compensate it, which may include the profits that Defendant obtained through its violations, as well as Plaintiff's damages, treble damages, in addition to its attorney's fees and costs.

54.     Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order that Defendant deliver up and destroy all goods bearing the THRIVEX Mark, along with all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession bearing the THRIVEX Mark, as well as all plates, molds, matrices, and other means of making the same.

## COUNT II
### (Unfair Competition – 15 U.S.C. § 1125(a))

55.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

56.     Plaintiff is the owner of the THRIVE® Mark in connection with hydrotherapy products and related goods and services.

57.     Defendant has, on or in connection with its goods or services, used in commerce reproductions or colorable imitations of the THRIVE® Mark, including the THRIVEX Mark, in a manner that incorrectly implies or suggests some affiliation, connection, or association between Defendant and Plaintiff, or that incorrectly implies or suggests that Defendant's products, services, or commercial activities are sponsored, endorsed, manufactured, distributed, or approved by Plaintiff. Such uses are likely to cause confusion, or to cause mistake, or to deceive.

58.     Defendant's actions were and have been committed with knowledge that such infringement is intended to be used to cause confusion, or to cause mistake, or to deceive.

59.    In particular, Defendant was put on notice of the infringement and subsequently falsely represented the infringement had ceased, when in fact use of the infringing conduct was continuing and still continues.

60.    Defendant's conduct is in willful and reckless disregard of Plaintiff's rights.

61.    Defendant's conduct violates Plaintiff's rights under Section 45 of the Lanham Act, 15 U.S.C. § 1125(a).

62.    Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in Plaintiff's THRIVE® Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

63.    Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the industry, trade, and public, and, additionally, injury to Plaintiff and its goodwill and reputation as symbolized by Plaintiff's THRIVE® Mark, including direct losses, lost profits, diminution in value, lost goodwill, and corrective advertising costs, and other losses in amounts to be determined at trial, as well as irreparable harm as to which Plaintiff has no adequate remedy at law.

64.    Defendant, on information and belief, has wrongfully profited from its unlawful activities.

65.     Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an injunction against Defendant's continuing infringement of the THRIVE® Mark. Unless enjoined, Defendant will continue its infringing conduct.

66.     Pursuant to 17 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendant an amount adequate to compensate it, which may include the profits that Defendant obtained through its violations, as well as Plaintiff's damages, treble damages, in addition to its attorney's fees and costs.

67.     Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order that Defendant deliver up and destroy all goods bearing the THRIVEX Mark, along with all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession bearing the THRIVEX Mark, as well as all plates, molds, matrices, and other means of making the same.

## COUNT III
### (Unfair Competition)

68.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

69.     Defendant misappropriated for itself the benefits belonging to, property rights of, and labors and expenditures of Plaintiff.

70.     Defendant's misappropriations produced and were for the purpose of obtaining a commercial advantage for Defendant.

71.     Defendant's actions were taken in bad faith and not justified or privileged.

72.     Plaintiff owns and has legally protectable rights in its THRIVE® Mark, as previously alleged.

73.     Defendant's uses of the THRIVEX Mark on identical or highly related goods and services is likely to create confusion among consumers and deprives Plaintiff of its rights.

74.     Defendant has engaged in deceptive and misleading advertising and selling practices.

75.     Defendant's actions have been in willful and reckless disregard of Plaintiff's rights.

76.     Defendant's acts have caused Plaintiff significant damage, including direct losses, lost profits, diminution in value, lost goodwill, and corrective advertising costs, and other losses in amounts to be determined at trial, as well as irreparable harm as to which Plaintiff has no adequate remedy at law.

## COUNT IV
**(Unjust Enrichment)**

77.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

78.    By its conduct as alleged herein, Defendant was enriched at Plaintiff's expense, and it would be inequitable to permit Defendant to retain the benefits of its misconduct.

79.    Defendant's actions have been in willful and reckless disregard of Plaintiff's rights.

80.    Defendant's acts have caused Plaintiff significant damage, including direct losses, lost profits, diminution in value, lost goodwill, and corrective advertising costs, and other losses in amounts to be determined at trial, as well as irreparable harm as to which Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    An Order finding that Defendant has infringed Plaintiff's asserted THRIVE® Mark and engaged in unfair competition in violation of 15 U.S.C. §§1114(1) and 1125(a) and under the common law;

2.    An award of Plaintiff's actual damages, including direct losses, lost profits, diminution in value, lost goodwill, and corrective advertising costs, and other losses in amounts to be determined at trial;

3.    An award of disgorgement of Defendant's profits and unjust enrichment;

4.     An order directing Defendant to provide an accounting of all revenues and profits gained by it or any of its agents or affiliates while engaging in the acts complained of in this Complaint, and establishing a constructive trust for Plaintiff's benefit over all such profits;

5.     A declaration that this is an exceptional case pursuant to 15 U.S.C. § 1117(a);

6.     An award to Plaintiff of treble damages, punitive or exemplary damages, attorneys' fees, and costs;

7.     An award of prejudgment and post-judgment interest on the foregoing sums;

8.     An injunction temporarily, preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a) manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote any goods or services bearing the marks THRIVE or THRIVEX, or

bearing any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's THRIVE® Mark;

b) engaging in any activity that infringes Plaintiff's rights in its THRIVE® Mark;

c) engaging in any activity constituting unfair competition with Plaintiff;

d) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

e) using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark THRIVE, THRIVEX, or any other mark that infringes or is likely to be confused with Plaintiff's THRIVE® Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by the foregoing sub-paragraphs;

9. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, websites, e-mail, social media, and other materials that feature or bear any designation or mark incorporating the marks THRIVE, THRIVEX, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's THRIVE® Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising,

promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark THRIVEX or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's THRIVE® Mark, and to immediately remove them from public access and view;

10. Directing that Defendant recall and deliver up for destruction all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials incorporating or bearing the mark THRIVEX or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's THRIVE® Mark;

11. Directing that Defendant promptly notify all consumers, retailers, distributers, purchasers, or other users or persons who have come into contact with Defendant's advertisements or goods bearing the mark THRIVEX or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's THRIVE® Mark of Defendant's infringements and of the Plaintiff's rights in the THRIVE® Mark;

12.     Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark THRIVEX or any mark consisting of, incorporating, or containing Plaintiff's THRIVE® Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry;

13.     Directing Defendant to cancel with prejudice any and all of its registrations for the mark THRIVEX or any mark consisting of, incorporating, or containing Plaintiff's THRIVE® Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry;

14.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

15.     Such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant

are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods or services;

16.    All such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands, pursuant to Fed. R. Civ. P. 38, a trial by jury of all issues so triable.

/s/David A. Haworth
David A. Haworth (PA Bar No. 76196)
haworthd@ballardspahr.com
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ  08054-0015
Telephone: 856.761.3400
Facsimile: 856.761.1020

Lynn E. Rzonca (PA Bar No. 86747) (*pro hac vice* forthcoming)
rzoncal@ballardspahr.com
Benjamin N. Simler (PA Bar No. 330134) (*pro hac vice* forthcoming)
simlerb@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

Goldie Fields (Cal. Bar. No. 351731) (*pro

*hac vice* forthcoming)
fieldsg@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4400
Facsimile: 424.204.4350

*Attorneys for Plaintiff*
*Hydroworx International, Inc.*

Dated:        April 21, 2025