IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HYDROWORX INTERNATIONAL, INC., | : | Civil No. 1:25-CV-00689 |
| Plaintiff, | : | |
| v. | : | |
| ECHELON FITNESS MULTIMEDIA, LLC, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Pending before the court in this trademark infringement case is a motion to set aside the Clerk of Court's entry of default filed by Defendant Echelon Fitness Multimedia, LLC ("Echelon"). (Doc. 23.) For the reasons that follow, the motion to set aside the entry of default will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This civil action began when Plaintiff HydroWorx International, Inc. ("HydroWorx") filed suit on April 21, 2025, against Echelon. (*See* Doc. 1.) HydroWorx's complaint asserts claims of infringement of a registered trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition under 15 U.S.C. § 1125(a), and common law claims of unfair competition and unjust enrichment. (*See* Doc. 1.) On April 22, 2025, Echelon was served via its registered agent. (Doc. 14.) Echelon's response to the complaint was originally

1

due on May 13, 2025. (Doc. 15, p. 1.)[1] On May 13, 2025, HydroWorx filed a consent motion to extend Echelon's time to respond to the complaint until June 10, 2025, wherein both parties acknowledged that they sought the extension of time in order to continue their settlement discussions. (Doc. 15.) On May 14, 2025, the court granted HydroWorx's consent motion to extend Echelon's time to respond to the complaint until June 10, 2025. (Doc. 16.) On June 11, 2025, HydroWorx filed a second consent motion at Echelon's request to extend Echelon's time to respond to the complaint until June 24, 2025. (Doc. 18.) The court granted the motion the following day. (Doc. 19.) No responsive pleading was filed by the June 24, 2025 deadline.

On June 25, 2025, HydroWorx requested that the Clerk of Court enter default, and the Clerk of Court did so on the same day. (Docs. 20, 22.) Echelon filed this motion to set aside the Clerk of Court's entry of default on July 2, 2025, and a brief in support on July 16, 2025. (Docs. 23, 24.) HydroWorx submitted a brief in opposition on July 29, 2025, and Echelon filed a reply brief on August 12, 2025. (Docs. 25, 28.) Thus, Echelon's motion is ripe for review.

### JURISDICTION AND VENUE

This court has subject-matter jurisdiction under 28 U.S.C. § 1331, which provides original jurisdiction in "all civil actions arising under the Constitution,

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

laws, or treaties of the United States."  This court also has subject-matter jurisdiction under 28 U.S.C. § 1367, which provides supplemental jurisdiction over state-law claims that are "so related" to the federal claims in a civil action that such state-law claims "form part of the same case or controversy."  Venue is proper in the Middle District of Pennsylvania because a "substantial part of the events or omissions giving rise to the claim occurred" here.  28 U.S.C. § 1391(b)(2).

## STANDARD OF REVIEW

The clerk of court's entry of a default precedes either the entry of a default judgment or an order setting aside the clerk's entry of a default.  "Entry of default is a ministerial task performed by the Clerk of Court upon request."  *Rio v. Marv Loves 1*, No. 13-CV-1619, 2015 WL 5161314, at *3 (E.D. Pa. Sep. 2, 2015).  When a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default" upon a party's request.  Fed. R. Civ. P. 55(a).

Federal district courts have the discretion to set aside the clerk of court's entry of default.  *Doe v. Hesketh*, 828 F.3d 159, 174 (3d Cir. 2016).  A district court may only set aside an entry of default "for good cause," however.  *Id.* at 175 (citing Fed. R. Civ. P. 55(c)).  In determining whether to set aside an entry of default under Rule 55(c), district courts must consider: "(1) whether the plaintiff will be prejudiced" if the entry of default is set aside; (2) "whether the defendant

has a meritorious defense"; and (3) "whether the default was the result of the defendant's culpable conduct." *Hesketh*, 828 F.3d at 175 (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195).

## DISCUSSION

Based on the analysis that follows, the court will grant Echelon's motion to set aside the Clerk of Court's entry of default. The court finds that all three factors weigh in favor of setting aside the entry of default for "good cause." The court notes that it does not need to hold that all three factors are satisfied to set aside an entry of default. *See, e.g., Emerson Radio Corp. v. Emerson Quiet Kool Co.*, No. 22-1809, 2023 WL 4453604, at *3 n.8 (3d Cir. July 11, 2023). Even so, the district court should carefully consider all three factors. *See Hesketh*, 828 F.3d at 175.

Importantly, the Third Circuit "does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Instead, the Third Circuit requires "close case[s]" to "be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987); *see also Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991). "Generally, courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995).

### A. HydroWorx Has Not Demonstrated Prejudice.

In its opening brief, Echelon asserts that it filed its motion to set aside the entry of default "less than a week after" the Clerk entered default. (Doc. 24, p. 6.) This timing has not caused prejudice to HydroWorx, according to Echelon, because no circumstances have changed to impair HydroWorx's ability to litigate its claims. (*Id.* at 5.)

In opposition, HydroWorx argues that it will suffer prejudice if the court sets aside the entry of default because Echelon's Chief Financial Officer, Sam Touchstone ("Touchstone"), who HydroWorx avers was its primary contact at Echelon and the primary contact for both of Echelon's previous attorneys, recently departed from the company and does not have a visible LinkedIn profile. (Doc. 25, pp. 18–19.) HydroWorx avers that Touchstone "was the most knowledgeable person about the issues in this action" and may now be challenging to locate. (*Id.*) HydroWorx also argues that Touchstone's departure will reduce the quality of materials that HydroWorx can obtain through discovery because "Echelon no longer has an obligation to probe Mr. Touchstone's personal knowledge in connection with its discovery obligations" and may not have retained the CFO's technological devices, digital accounts, and records. (*Id.* at 18.)

Further, HydroWorx contends that Echelon has removed evidence from its websites (and has encouraged distributors and retailers to do the same) that are

"relevant to proving liability and damages for Echelon's infringement." (*Id.* at 19.) Finally, HydroWorx argues that Echelon "appears likely" to be on the "edge of insolvency." (*Id.* at 19–20.) HydroWorx contends that the possibility of "[p]rotracted litigation now makes it . . . increasingly unlikely that HydroWorx will ever be made whole, as compared to if Echelon had answered when its answer was due." (*Id.* at 20.) HydroWorx predicts that Echelon may not be able to afford to pay its legal fees and suggests that a theoretical "automatic stay" during bankruptcy proceedings would "result[] in further loss of memory or witnesses as a result of the passage of time or of any restructuring." (*Id.*)

In reply, Echelon submits that Touchstone's departure is "irrelevant to the question of prejudice" because it occurred sometime prior to June 13, which was before the Clerk of Court entered default. (Doc. 28, p. 5.) Likewise, Echelon contends that "none of" HydroWorx's "complaints relate to the short period between" the entry of default and the filing of Echelon's motion to set aside the default, so they are "not relevant to the Court's consideration here." (Doc. 28, p. 7.) In addition, Echelon argues that, "[t]o the extent" that it has removed evidence of alleged trademark infringement from its website and marketing materials, it did so because HydroWorx repeatedly demanded such actions. (Doc. 28, p. 6.) Finally, Echelon argues that HydroWorx's suggestion that Echelon may become insolvent likely violates Rule 408 of the Federal Rules of Evidence and

6

"overstat[es]" Echelon's counsel's statement that Echelon is experiencing "troubles … in terms of cash flow." (Doc. 28, pp. 6–7.)

The court finds that HydroWorx has not demonstrated prejudice. "Under Rule 55, the prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147–48 (E.D. Pa. 2001). "Prejudice to a party occurs when 'circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable.'" *Miller v. Metro One Loss Prevention Servs. Grp.*, No. 1:23-CV-1729, 2025 WL 935956, at *2 (M.D. Pa. Mar. 27, 2025) (quoting *Accu-Weather,* 779 F. Supp. at 802). Requiring a plaintiff "to establish the merit of its claims does not constitute prejudice in this context." *Accu-Weather*, 779 F. Supp. at 802. Similarly, "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment" or entry of default "entered at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656–67 (3d Cir. 1982).

Here, Echelon filed its motion to set aside the Clerk's entry of default on July 2, 2025, exactly one week after HydroWorx requested default and the Clerk entered default on June 25, 2025. (Docs. 20, 22, 23.) Thus, HydroWorx cannot credibly claim that its ability to litigate its claims became impaired in the seven days between the entry of default and filing of the motion to set aside that default. *See Accu-Weather, Inc.*, 779 F. Supp. at 802.

Further, the court finds that Touchstone's departure and the disappearance of his LinkedIn profile are not relevant to a determination of prejudice because these incidents occurred prior to the entry of default. (Doc. 28, p. 5; Doc. 28-1, p. 6; Doc. 25-1, ¶ 12.) If evidence has been lost or witnesses have become unavailable *prior to* the entry of default, this is not relevant to a plaintiff's claim that they will experience prejudice if a default is set aside. *See Accu-Weather*, 779 F. Supp. at 802. Similarly, the court finds HydroWorx's argument that it will face prejudice because Echelon may not have retained Touchstone's technological devices, digital accounts, and records unpersuasive because Touchstone left prior to the entry of default and HydroWorx has not alleged that this evidence was lost *after* the entry of default. (Doc. 25, pp. 18-19; Doc. 25-1, ¶ 12.)

In addition, HydroWorx's argument that it will be prejudiced because Echelon removed evidence fails. (Doc. 25, p. 19.) As Echelon points out, HydroWorx repeatedly demanded that Echelon remove this evidence from the

Internet and its marketing materials, as well as instruct distributors and retailers to do the same. (Doc. 28, p. 6; Doc. 25-4, pp. 2–7; Doc. 25-5, pp. 2–7.) Because HydroWorx asked Echelon to undertake these actions, HydroWorx cannot now claim prejudice on this basis.

Finally, the court finds HydroWorx's argument that it will face prejudice because Echelon may be insolvent to be speculative because it lacks sufficient factual support. When evaluating a plaintiff's argument that they will experience prejudice if an entry of default is set aside because the defendant may soon be insolvent, courts have disregarded such arguments if the plaintiff does not provide sufficient factual support. *See Bradley v. Amazon.com, Inc.*, No. 17-1587, 2022 WL 267811, at *10 (E.D. Pa. Jan. 27, 2022) (explaining that the court is "unaware of any intent by [the defendant] to, in [the p]laintiff's words, 'claim insolvency' once the default is removed" and that, "even in the event that [the defendant] turns out to be insolvent, this circumstance is not relevant to the motion before [the court] at this time"). Here, HydroWorx presented no evidence that there is any intent by Echelon to claim insolvency if this motion is granted.

In sum, the court finds that HydroWorx has not demonstrated that it will be prejudiced if the entry of default is set aside.

### B. Echelon Has Asserted a Litigable Defense.

Echelon argues that it "intends to deny at least that Hydro[W]orx has suffered any harm (Echelon has not made any profit on sales of the relevant product), that there is any ongoing conduct to enjoin, and that Hydro[W]orx's mark, the extremely common word THRIVE, has been infringed."  (Doc. 24, pp. 5–6.)  In opposition, HydroWorx argues that Echelon "fails to set forth any specific facts in dispute that would amount to a complete defense" of the claims at issue in this case.  (Doc. 25, p. 13.)  HydroWorx submits that these "defenses" are not actually defenses as they do not defend against Echelon's liability, but only as to remedies to action.  (*Id.*)  Further, HydroWorx asserts that the commonness of "thrive" has no bearing on liability for the alleged trademark infringement of HydroWorx's federal registered THRIVE® mark.  (*Id.* at 14–15.)  In reply, Echelon asserts that the "extreme commonality of the mark in question, THRIVE, makes it so weak that there is no likelihood of confusion in this case, the key factor in any trademark case."  (Doc. 28, p. 8.)

Some courts have called whether a defendant has asserted a litigable or meritorious defense a "threshold matter."  *See, e.g.*, *Nat'l Specialty Ins. Co. v. Papa*, No. 11-2798, 2012 WL 868944, at *3 (D.N.J. Mar. 14, 2012) (explaining that the "[l]ack of a meritorious defense is, in fact, a dispositive threshold matter in both the entry of default and entry of default judgment context"); *Hritz v. Woma*

*Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (explaining that "[t]he threshold issue in opening a default judgment is whether a meritorious defense has been asserted"). The Third Circuit has found that "[t]he showing of a meritorious defense is accomplished when 'allegations of [a] defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). A meritorious defense for setting aside a default requires only that the defendant "produce a defense that is 'litigable,'" or "not 'facially unmeritorious.'" *Easley v. Hollibaugh*, No. 1:19-cv-2026, 2021 WL 3511108, at *2 (M.D. Pa. Aug. 10, 2021) (citations omitted).

    HydroWorx's complaint alleges claims for federal trademark infringement, federal unfair competition, and common-law claims of unfair competition and unjust enrichment. A violation of the Lanham Act for trademark infringement as pleaded requires HydroWorx to prove that "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000). Here, Echelon specifically denies that it infringed on HydroWorx's mark because "the extreme commonality of the mark in question, THRIVE, makes it so weak that there is no likelihood of confusion in this case, the key factor in any trademark

case." (Doc. 28, p. 8.)  Thus, Echelon has asserted a litigable defense as it challenges an element of the claim at issue in this case.  *See, e.g.*, *Aero AG Holdings, LLC v. Summit Footwear Co., Ltd.*, No. 2:20-cv-16655, 2021 WL 2587979, at *2–3 (D.N.J. June 24, 2021) (holding that defendant's "contention that there is no likelihood of confusion between the marks at issue" was sufficient to satisfy the meritorious defense element for setting aside an entry of default).

### C. Echelon's Conduct is Not Culpable.

Echelon asserts that it did not take any action willfully or in bad faith.  It recognizes that its failure to obtain local counsel and respond to the complaint in a timely manner may be negligent, but this delay occurred because it believed settlement was "imminent."  (Doc. 24, p. 6.)  For its part, HydroWorx argues that Echelon was culpable by engaging in a pattern of delay.  (Doc. 25, pp. 15–18.)  HydroWorx submits that Touchstone acknowledged on April 28, 2025, that Echelon knew that it would need to retain local counsel, yet did not do so for several months.  (*Id.* at 16; Doc. 25-3, p. 1.)  Ultimately, HydroWorx submits that Echelon was at least reckless, if not willful, in its conduct.  (Doc. 25, pp. 17–18.)  Echelon responds that it had a different impression of extension requests and settlement discussions so, at most, Echelon was negligent in failing to hire local counsel "one week sooner," which is insufficient to satisfy the culpable conduct requirement.  (Doc. 28, pp. 9–10.)

In the context of evaluating whether an entry of default or default judgment should be set aside, "culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). "To be 'culpable,' the conduct leading to the entry of default must have been willful, intentional, reckless or in bad faith. More than mere negligence is required." *Momah*, 161 F.R.D. at 308. For example, "[r]eckless disregard" by a defendant "for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Hritz*, 732 F.2d at 1183. Evidence of a defendant's "dilatory intent," or intent to cause delay willfully, recklessly, or in bad faith, "must appear independently in the record." *Dizzley*, 202 F.R.D. at 148. When a defendant's "failure to timely respond to a complaint" is "due in large part to . . . having to search for and retain counsel," and, when "there [are] some additional delays occasioned by . . . discussions" between counsel regarding whether the "plaintiff's counsel would agree to the removal of the default," courts have found that such a failure to timely answer a complaint was "negligent," but not willful or in bad faith. *See Cassell v. Phila. Maint. Co.*, 198 F.R.D. 67, 69–70 (E.D. Pa. 2000); *see also Bradley*, 2022 WL 267811, at *7 (explaining that a party who "has proffered adequate particularized evidence of its good faith efforts in finding representation . . . at most, may [exhibit] excusable neglect").

13

Here, the court finds that Echelon's failure to respond to the complaint by the twice-extended deadline, which Echelon attributes to its delay in finding Pennsylvania counsel and reliance on the belief that it would settle the case in a timely manner, is negligent, but it is not reckless or willful.  No evidence of "dilatory intent" on Echelon's part "appear[s] independently in the record." *Dizzley*, 202 F.R.D. at 148.  Similarly, Echelon did not demonstrate a "[r]eckless disregard . . . for repeated communications from plaintiffs and the court." *Hritz*, 732 F.2d at 1183.  Therefore, Echelon's conduct is not culpable.

## Conclusion

The court finds that the Clerk of Court's June 25, 2025 entry of default should be set aside because HydroWorx has not demonstrated prejudice, Echelon has a litigable defense, and Echelon's conduct is not culpable.  For the reasons stated herein, the court will grant Echelon's motion to set aside the default.  (Doc. 23.)  An appropriate order will follow.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: November 5, 2025