**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HYDROWORX INTERNATIONAL, INC., Plaintiff, v. ECHELON FITNESS MULTIMEDIA, LLC, Defendant. | : | Civil No. 1:25-CV-00689 Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, on this 29th day of September, 2026, for the reasons stated in the accompanying memorandum of law, Plaintiff's motion to enforce settlement agreement, Doc. 38, is **GRANTED** and Defendant's motion to transfer or dismiss, Doc. 37, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AS FOLLOWS**:

1. Within five calendar days of this order, Defendant Echelon Fitness Multimedia, Inc. ("Echelon") shall deliver to Plaintiff Hydroworx International, Inc. ("Hydroworx") an executed copy of the Settlement Agreement, together with an executed and notarized copy of the Trademark Assignment attached as Schedule 1 to the Settlement Agreement (executed and notarized both for itself and for ThriveX Pte. Ltd.)

2. Within five calendar days of this order, Echelon shall deliver to Hydroworx a cashier's check in the full amount of the Settlement Payment described in the Settlement Agreement, together with statutory interest computed at a 6% annual rate (0.01644% daily) on the full amount thereon from January 21, 2026, until such payment is delivered.

3. Within five calendar days of this order, Echelon shall deliver to Hydroworx a written accounting of any and all goods on or in connection with which the marks THRIVE, THRIVEX, or any other THRIVE-derivative marks appeared or were used that, at any time since December 8, 2025, Echelon or any of its affiliates either had in inventory, or ordered, marketed, sold, delivered, distributed, or otherwise received from or transferred to any other person (the "Violative Goods.")

4. Within five calendar days of this order, Echelon shall deliver payment to Hydroworx in the amount of all profits Echelon or any of its affiliates received from any source related to the Violative Goods, together with daily interest to be computed at a 6% annual rate (0.01644% daily) on the full amount thereon, accruing from December 8, 2025, until such payment is delivered.

5. Within five calendar days of this order, Echelon shall destroy or cause to be destroyed all Violative Goods in its or their possession, custody, or control.

6. Within five calendar days of this order, Echelon shall confer with Hydroworx to ascertain the amount of attorney's fees, expenses, and costs that Hydrworx has incurred in connection with this matter since January 5, 2026, and shall then promptly pay to Hydroworx all such amounts that are not in dispute. Within fourteen days of this order, Hydroworx may present the court with a request for any remaining amounts in dispute.

7. Within thirty calendar days of this order, Echelon shall file with the court, in writing and under oath, an affidavit and status report setting for the steps Echelon has taken to comply with this order.

8. Echelon, its affiliates, and each of Echelon's and its affiliates' respective officers, directors, agents, employees, and all those acting in concert or participation with any of them who receive notice of this order shall themselves, and shall cause all other persons or entities under their control, to permanently cease all use in any place throughout the world of cease any use of: the mark THRIVEX (in any stylized variation); any other THRIVE-formative mark, and any other word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Hydroworx's

THRIVE® mark. Within 5 days of this order, Echelon shall provide all a copy of this order to all its affiliates, and to each of its and its affiliates' respective officers, directors, agents, employees persons.

9. Within forty-five days of this order, Hydroworx shall notify the court of any issues that remain outstanding, or if this action may be dismissed.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania